**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                               :
ARSENIO ABORREZCO,             :
                               :
            Plaintiff,         :   Civil No. 10-526 (RMB)
                               :
      v.                       :
                               :
CAPE MAY COUNTY JAIL,          :   OPINION
                               :
            Defendant.         :
_____:

**APPEARANCES:**

    ARSENIO ABORREZCO, Plaintiff pro se
    SBI 300225-B / 655730
    Bayside State Prison
    4293 Rt. 47, P.O. Box F-1
    Leesburg, New Jersey 08327

**BUMB**, District Judge

    This matter was administratively terminated by this Court, by Order entered on February 2, 2010, because it appeared that plaintiff's application for in forma pauperis ("IFP") status was incomplete and no filing fee had been paid.  (Docket entry no. 2).  On February 17, 2010, Plaintiff submitted a complete IFP application and asked that his case be re-opened, pursuant to the directive in this Court's February 2, 2010 Order.  The matter was re-opened on the docket on June 24, 2010.  Based on Plaintiff's affidavit of indigence, the Court will grant the application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998)

and order the Clerk of the Court to file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed in its entirety.

## I.   BACKGROUND

Plaintiff, Arsenio Aborrezco ("Aborrezco"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the Cape May County Jail.  (Complaint, Caption).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Aborrezco alleges that the conditions of his confinement at the Cape May County Jail are unconstitutional and in violation of his rights under the Fourteenth Amendment.  He states that the food is inadequate. Namely, there is not enough food served, it is served cold, not enough fruit (only twice a week), only starchy foods (rice and noodles), lettuce salads with no dressing, no salt and pepper, and the coffee and juice are nothing but colored water.

     Next, he complains that inmates are not allowed out of their cells until 6:30 a.m., but bright lights come on at 5:00 a.m. The heat is inadequate.  He has to sleep in his clothes and wear a coat during the day.  The windows are painted to block out the outside.  He was locked in his cell from 1:00 p.m. on January 1, 2010 until 8:00 p.m. on January 2, 2010, without explanation. Finally, he had no yard recreation from mid-November 2009 through mid-January 2010.

     Aborrezco does not state a claim for relief, but it appears that he seeks declaratory and injunctive relief, and possibly money damages.  However, to the extent that Aborrezco seeks only declaratory and injunctive relief, his claim for such relief must be dismissed because Aborrezco is no longer confined at Cape May County Jail.  A prisoner lacks standing to seek injunctive and declaratory relief if he is no longer subject to the alleged conditions.  See Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).  Here, on May 20, 2010, this Court received a notice of change of address from plaintiff, dated May 17, 2010, indicating that Aborrezco had been transferred from Cape May County Jail for many months.  (See Docket entry no. 4).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule

8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

6

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Aborrezco names the Cape May County Jail as a defendant in this action.  However, the Cape May County Jail must be dismissed from this lawsuit because it is not a "person" subject to liability under § 1983.  See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(correctional facility is not a person under § 1983).; Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976).  Because plaintiff does not name another defendant in this action, the Complaint will be dismissed in its entirety.  To the extent that Aborrezco would seek to amend his Complaint to name other defendants, this Court finds, for the reasons stated below, that the allegations in the Complaint fail to state a cognizable claim.

IV.  ANALYSIS

It appears from the allegations in the Complaint that Aborrezco is asserting that the conditions of his confinement are unconstitutional.  It is not clear whether Aborrezco was a pretrial detainee or a convicted inmate at the time he was confined at Cape May County Jail, when the alleged conditions occurred.  Accordingly, the Court will consider Aborrezco's claims under both the Eighth and Fourteenth Amendments.

"The Eighth Amendment to the United States Constitution prohibits any punishment which violates civilized standards and concepts of humanity and decency."  Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992), superseded on other grounds by 42 U.S.C. § 1997e(a).  A prisoner does not lose this protection despite a prison sentence, for "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  In order to establish a claim under the Eighth Amendment based on conditions of confinement, the Supreme Court has set forth a two-part test with objective ("Was the deprivation sufficiently serious?") and subjective ("Did the officials act with a sufficiently culpable state of mind?") components.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective element requires a prisoner to show that his living conditions amounted to a "serious deprivation of basic human needs."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The

subjective element demands that the prisoner demonstrate "that prison officials acted or failed to act with deliberate indifference." Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

With regards to the objective prong, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 347. "To the extent that such conditions are harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. Conditions of confinement for convicted criminals are unconstitutional only when they "deprive inmates of the minimal civilized measure of life's necessities." Id. Indeed, under the Due Process Clause, as well as the Eighth Amendment, prison officials must satisfy inmates' "basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety." Helling v. McKinney, 509 U.S. 25, 32 (1993).

Here, Aborrezco's major complaint concerning the conditions of his confinement at Cape May County Jail involves his allegation that the food was inadequate. Namely, there was not enough food, it was served cold, not enough fruit, too much starchy foods, lettuce salad with no dressing, no salt and pepper and weak juice and coffee.

The Eighth Amendment requires that prison officials serve "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Ramos v. Lamm,

11

639 F.2d 559, 571 (10th Cir. 1980); see also Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983).  Thus, "[a] substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002).

Nevertheless, while "a prisoner's diet must provide adequate nutrition," prison officials "cannot be held liable under the [constitutional standard] unless the prisoner shows both an objectively serious risk of harm and that the officials knew about it and could have prevented it but did not."  Mays v. Springborn, 575 F.3d 643, 648 (7th Cir. 2009)(citation omitted). Objectively, "[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation."  Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999)(quoting Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998)).  As the Supreme Court emphasized, "the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards.  A filthy, overcrowded cell and a diet of 'gruel' [providing 1000 calories a day] might be tolerable for a few days and intolerably cruel for weeks or months."  Hutto v. Finney, 437 U.S. 678, 686-87 (1978).

Here, the allegations in this Complaint do not satisfy the objective component.  Aborrezco does not allege that the diet he was provided while confined at the Cape May County Jail (during a short, but unspecified period of time) was nutritionally

12

inadequate.  Rather, he complains that the food was starchy, the salad had no dressing, the coffee and juice was weak, and there was no salt and pepper.  Moreover, Aborrezco makes no allegations that he suffered from malnutrition, weakness, fatigue, or illness from the diet provided at Cape May County Jail.  His biggest complaint is that the food was served cold.  However, cold food does not rise to the level of a constitutional violation.  Laufgas v. Speziale, 263 Fed. Appx. 192, 198 (3d Cir. 2008)(finding no constitutional right to hot meals every day); Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir. 1992)(finding no constitutional violation for serving prisoner cold food).

Consequently, the allegations in the Complaint are too conclusory to show a deprivation of adequate nutrition or that the allegedly inadequate diet had a sufficiently serious effect on Aborrezco's health to satisfy the objective component of the conditions of confinement claim under the Iqbal pleading standard.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation .... Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Iqbal, 129 S.Ct. at 1949 (citations and internal quotation marks omitted).

Likewise, Aborrezco's allegations that there was inadequate heat and recreation fail to state a constitutional violation.  Both grievances were of short duration, and Aborrezco does not

allege that he suffered any harm or injury as a result of the alleged deprivations.[3]  His claim that he was locked in his cell one time for 31 hours and that the lights go on in the cell unit at 5:00 a.m. are similarly meritless to show a constitutional deprivation under the Eighth Amendment.  Therefore, this Court finds that Aborrezco fails to state a cognizable claim that the conditions of his confinement were unconstitutional under the Eighth Amendment and his Complaint should be dismissed accordingly.

To the extent that Aborrezco was a pretrial detainee during the time he was confined at Cape May County Jail, his conditions claim must be examined in the context of a Fourteenth Amendment claim.  See Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir.

---

[3]  "[M]eaningful recreation 'is extremely important to the psychological and physical well-being of the inmates.'"  Peterkin v. Jeffes, 855 F.2d 1021, 1031 (3d Cir. 1988)(*quoting* Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)); see also Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996)("[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation."); Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983); Campbell v. Cauthron, 623 F.2d 503, 506-07 (8th Cir. 1980); Kirby v. Blackledge, 530 F.2d 583, 587 (4th Cir. 1976); Loe v. Wilkinson, 604 F. Supp. 130, 135 (M.D.Pa. 1984).  However, the lack of exercise can only rise to a constitutional level "where movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened."  Spain, 600 F.2d at 199.  Thus, a constitutional violation will occur when the deprivation of exercise extends for a prolonged period of time and tangible physical harm resulting from the lack of exercise is demonstrated.  In the present case, Aborrezco fails to allege that recreation was denied for a prolonged period of time or that he suffered a tangible physical harm from the alleged lack of exercise.

2005)("Hubbard I").  In Bell v. Wolfish, the Supreme Court held that whether a condition of confinement of pretrial detainees violated their constitutional rights turns on whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate government purpose. 441 U.S. 520, 535-39 (1979).

Recently, the Court of Appeals for the Third Circuit applied a "totality of the circumstances" test in determining whether pretrial detainees had stated a cognizable claim under the Fourteenth Amendment with respect to allegations of overcrowded conditions of confinement.  Hubbard v. Taylor, 538 F.3d 229 (3d Cir. 2008)("Hubbard II").  In Hubbard II, the Third Circuit held that requiring pretrial detainees to sleep on a mattress on the floor in a cell holding three inmates for three to seven months did not constitute punishment in violation of the Fourteenth Amendment.  538 F.3d at 234-35.  The court considered the practice of sleeping on mattresses on the floor for a short period of time "as part of the 'totality of the circumstances within [the] institution.'"  Id. at 235 (quoting Hubbard I, 399 F.3d at 160).  The court concluded that although the plaintiffs "did spend a substantial amount of time on floor mattresses," they had access to large day rooms and the record did not substantiate plaintiffs' claims that the use of floor mattresses caused disease or led to the splashing of human waste on the plaintiffs. Id.  After noting the efforts made by the jail to

15

improve conditions, the court found "that Plaintiffs were not subjected to genuine privations and hardship over an extended period of time for purposes of their due process claim." Id. 158.

Similarly, in this case, Aborrezco has not alleged facts sufficient to support his claim that the conditions of his confinement for the short period of time he was at the Cape May County Jail constituted a serious deprivation of his most basic human needs. See Hubbard I, 399 F.3d at 164-65. Consequently, this Court finds that Aborrezco's allegations concerning the "totality of circumstances" surrounding his confinement are not sufficient to show that he has been "subjected to genuine privations and hardship over an extended period of time for purposes of [his] due process claim." See Hubbard II, 538 F.3d at 235. Indeed, the time period during which Aborrezco was confined at Cape May County Jail appears to be less than the three to seven months of confinement considered in the Hubbard II case. Therefore, the Fourteenth Amendment conditions of confinement claim will be dismissed for failure to state a claim.

IV.   CONCLUSION

For the reasons set forth above, plaintiff's Complaint will be dismissed with prejudice, in its entirety as against the named defendant, Cape May County Jail, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.  An appropriate order follows.

                    s/Renée Marie Bumb
                    RENÉE MARIE BUMB
                    United States District Judge

Dated: July 8, 2010